# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDERICK H. WILLIAMS, #B80874, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19−cv−00845−SMY ) |
| S. WAGGON, OFFICER STREETER, OFFICER PAJEAU, DARIN M. WELLS, SARAH JOHNSON, JEFF GRUPE, and SHERRY BENTON, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Frederick Williams filed this civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Central District of Illinois on April 22, 2019. *See Williams v. Waggon, et al.*, No. 19-cv-02104-HAB (C.D. Ill.) (Doc. 1). The Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed for failure to state a claim on June 24, 2019. (Doc. 9). Plaintiff was granted leave to file a First Amended Complaint on or before July 24, 2019, if he intended to proceed with the action. (*Id*. at p. 2). He was warned that the entire action would be dismissed if he failed to do so. (*Id*.).

Plaintiff filed an unsigned First Amended Complaint on July 25, 2019.[1] (Doc. 10). His claims focused on unconstitutional conditions of confinement at Vandalia Correctional Center, a prison located in this federal judicial district. (*Id*.). The Central District transferred the case to

---

[1] The First Amended Complaint was docketed as a "Motion for Leave to File Amended Complaint." (Doc. 10). However, this Court later explained that no motion was necessary because Plaintiff was previously granted leave to file the First Amended Complaint. (Doc. 9, p. 2; Doc. 15).

1

this District on August 1, 2019. (Doc. 11). On August 7, 2019, this Court entered an Order requiring Plaintiff to sign and return the First Amended Complaint to this Court if he still intended to proceed with the action. (Doc. 15). He was warned that the First Amended Complaint would be stricken and this action dismissed, if he did not comply with the Order by August 22, 2019. (*Id.*). Plaintiff was further warned that the dismissal would be with prejudice and a "strike" within the meaning of 28 U.S.C. § 1915(g) because his original Complaint was dismissed for failure to state a claim upon which relief may be granted. (*Id.*) (citing FED. R. CIV. P. 41(b)).

To date, the Court has not received a signed First Amended Complaint from Plaintiff. At least a week has passed since the deadline for filing it expired. Plaintiff has not contacted the Court to request an extension. The Court will not allow this matter to linger indefinitely. Accordingly, the First Amended Complaint will be stricken, and this action will be dismissed with prejudice for failure to comply with the Court's Order (Doc. 15) to file a signed First Amended Complaint and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b). Further, the dismissal will count as one of Plaintiff's three allotted "strikes" within the meaning of § 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that the unsigned First Amended Complaint is **STRICKEN**. This action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Order (Doc. 15) to file a signed First Amended Complaint and to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as a "strike" within the meaning of § 1915(g).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 8/29/2019**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**